ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BUENA VISTA DEVELOPMENT, LLC, <br><br> Recurrente, <br><br> v. <br><br> DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO como administrador del ECONOMIC DEVELOPMENT INVESTMENT PORTFOLIO FOR GROWTH PROGRAM, <br><br> Recurrida. | KLRA202300029 | REVISIÓN procedente del Departamento de la Vivienda de Puerto Rico. <br><br> Núm. de caso ante organismo recurrido: PR-IPG-000753. <br><br> Sobre: inelegibilidad de fondos CDBG-DR. |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

La parte recurrente, Buena Vista Development, LLC (Buena Vista) incoó el presente recurso de revisión el 19 de enero de 2023. La recurrente adjuntó a su escrito varios documentos.

Examinado el escrito de la recurrente, así como los documentos anejados al mismo, prescindimos de la comparecencia del Departamento de la Vivienda de Puerto Rico[1] y resolvemos.

Por los fundamentos expuestos a continuación, **desestimamos** el recurso.

I

El 20 de septiembre de 2021, Buena Vista presentó una solicitud para un préstamo CDBG-DR[2] de $50,000,000.00 (préstamo IPG[3]) para

---

[1] Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(B)(5).

[2] *Community Development Block Grant-Disaster Recovery*, por sus siglas en inglés.

[3] Se refiere al *Economic Development Investment Portfolio for Growth Program*, o IPG.

Número identificador

SEN2023_____

desarrollar un proyecto turístico a gran escala[4]. No obstante, el **20 de diciembre de 2022**, el Departamento notificó a Buena Vista que el Proyecto no era elegible para financiación bajo el IPG[5]. Esto, pues no sería completado para septiembre de 2026 y, como consecuencia, el *Objetivo Nacional de Creación de Empleos LMI*[6] no se cumpliría.

Así también, el aviso impuso a Buena Vista el requisito jurisdiccional de solicitar reconsideración ante el Departamento, antes de poder recurrir ante el foro apelativo en revisión judicial[7]. Esto, conforme al Artículo XXVII del Reglamento 4953 del 19 de agosto de 1993, conocido como el *Reglamento para regular los procedimientos de adjudicación formal en el Departamento de la Vivienda y sus agencias adscritas*.

Consecuentemente, el **13 de enero de 2023**, Buena Vista presentó una *Solicitud de Reconsideración del Aviso*[8]. En ella, argumentó que procedía notificar nuevamente el aviso y reconsiderar la determinación por dos razones: (1) la notificación del aviso era defectuosa y, por lo tanto, nula; y, (2) la determinación comunicada en el aviso no estaba sustentada en evidencia sustancial contenida en el expediente administrativo.

A la fecha de presentación de este recurso, el Departamento **no se ha expresado** en cuanto a la solicitud de reconsideración presentada por Buena Vista. No obstante, Buena Vista incoó el presente recurso y alegó la comisión de los siguientes errores:

> A. Erró el Departamento al notificar un Aviso defectuoso que no cumple con los requisitos establecidos en la LPAU y en la jurisprudencia aplicable.

> B. Erró el Departamento al emitir una determinación que no está apoyada en evidencia sustancial contenida en el expediente administrativo y las reglas aplicables.

(Énfasis omitido).

---

[4] *Véase*, apéndice del recurso, a las págs. 1-64.

[5] *Íd.*, a las págs. 114-117.

[6] Las siglas LMI se refieren, en inglés, al *labor market information*.

[7] *Véase*, apéndice del recurso, a la pág. 117.

[8] *Íd.*, a las págs. 118-272.

II

A

Recordemos que la doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o **prematuro**, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**A su vez, este Tribunal no puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente**. Claro está, las partes que presentaron el recurso antes del tiempo para ello pueden acudir nuevamente, de manera diligente, ante este Tribunal, cuando proceda. *Empress Hotel, Inc. v. Acosta*, 150 DPR 208, 210-213 (2000); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000); *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, 154 (1999). En cuanto a nuestra intervención como foro intermedio revisor, el Tribunal Supremo de Puerto Rico acotó que la notificación defectuosa nos priva de jurisdicción porque el recurso resulta prematuro. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).

B

Las Secciones 3.15 y 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9655 y 9672, respectivamente, en lo pertinente disponen:

> La parte afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u

orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.** Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

3 LPRA sec. 9655. (Énfasis nuestro).

Por otro lado, en cuanto a la revisión judicial, la Sección 4.2 de la LPAU establece lo siguiente:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […]

.    .    .    .    .    .    .    .

3 LPRA sec. 9672. (Énfasis nuestro).

III

El **20 de diciembre de 2022**, el Departamento notificó el aviso a Buena Vista e indicó que el Proyecto no era elegible para financiación bajo el IPG. Consecuentemente, el **13 de enero de 2023**, Buena Vista presentó una solicitud de reconsideración del aviso. Conforme a la legislación aplicable, una vez presentada la solicitud de reconsideración, la agencia tendría **15 días** para emitir una determinación. A la fecha de la presentación

de este recurso 19 de enero de 2023, **el Departamento no aún no se había expresado en cuanto a la solicitud de reconsideración**.

Según lo antes expuesto, la falta de una determinación **final** del Departamento de la Vivienda incide sobre la facultad de este foro para revisar la notificación de la determinación de la agencia. Acorde con lo anterior, concluimos que no ostentamos jurisdicción para atender el presente recurso, pues la parte **recurrente acudió ante nos de forma prematura.**

Reiteramos que la norma prevaleciente nos impone la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción **no** puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. Por todo lo anterior, nos encontramos despojados de autoridad para examinar los méritos del recurso y, a la luz del derecho aplicable, procede su desestimación.

IV

A la luz de lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por este Tribunal carecer de jurisdicción para entender en el mismo.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones