Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| UNIQUE SECURITY, INC.<br><br>Recurrente<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE CAYEY; MUNICIPIO AUTÓNOMO DE CAYEY<br><br>Recurridos<br><br><br>JOM SECURITY SERVICES, INC<br><br>Proponente Agraciado<br><br>GENESIS SECURITY SERVICES, INC.<br><br>Otro Proponente | KLRA202400392 | Revisión procedente de la Junta de Subastas del Municipio Autónomo de Cayey<br><br><br>Sobre: Impugnación de Adjudicación de Subasta General<br><br>Núm.: 2025-011 "Servicios de Guardia de Seguridad" |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

-I-

El 22 de julio de 2024 *Unique Security, Inc.*, (en adelante *Unique* o la recurrente) presentó un Recurso de Revisión Judicial en el que impugnó la adjudicación de la Subasta General 2025-011, sobre Servicios de Guardias de Seguridad, notificada el 12 de julio de 2024 por la Junta de Subastas del Municipio de Cayey (en adelante la Junta o parte recurrida).[1] Mediante la referida comunicación, la Junta informó que la antedicha subasta fue adjudicada a otro de los licitantes, específicamente *JOM Security Services*.

---

[1] Véase pág.1 del Apéndice del recurso.

Como parte de las alegaciones del recurso, *Unique* sostuvo que fue el mejor postor en la subasta y que la carta de adjudicación emitida por la Junta no contiene las tarifas ofertadas por los tres proponentes, incluyendo las variaciones a las mismas efectuadas por el licitador agraciado luego de que se llevara a cabo el proceso de apertura de los sobres de licitación. Establecido lo anterior, en el recurso *Unique* también sostuvo que resultó el mejor postor por lo que solicitó que revisáramos la adjudicación de la subasta en controversia.

Como corolario de lo anterior la recurrente formuló los siguientes dos señalamientos de error:

> El proponente agraciado, *JOM Security*, modificó las tarifas ofertadas en su propuesta en dos ocasiones distintas, por lo que incumplió con la especificación modular de que "[n]inguna oferta o modificación a oferta será aceptada para evaluación si llegara pasada la hora de radicación", además de que se obvió la disposición a los efectos de que "[l]os licitadores asumen la responsabilidad por sus errores en las ofertas"; en tal contexto, procede descalificar a *JOM Security* como proponente por haber incumplido de forma crasa con especificaciones medulares de la subasta General Núm. 2025-011 y adjudicar a favor de *Unique Security*, el mejor postor.

> Aún si de alguna manera la Junta pudiese válidamente obviar la especificación que impide modificar ofertas después de la fecha de radicación de las propuestas, procedía adjudicar la subasta a favor de *Unique Security*, que es (por mucho) el mejor postor.

En síntesis, la recurrente sostuvo que *JOM Security* modificó las tarifas ofertadas en su propuesta en dos ocasiones distintas, incumpliendo de esta forma la especificación que expresamente disponía que ninguna oferta o modificación de oferta sería aceptada para evaluación si era recibida luego de transcurrido el término para la presentación de las licitaciones. Debido a que la recurrida permitió lo que estaba prohibido, *Unique* solicitó que se descualificase a *JOM Security* y se revocara la adjudicación de la subasta.

Asimismo, esgrimió que procedía la revocación de la Subasta debido a que su oferta fue la más económica. Añadió que procedería la adjudicación de la subasta en favor suyo, y que se ordenase al Municipio comenzar de inmediato el trámite de contratación correspondiente.

Por su parte, mediante comparecencia presentada el 16 de septiembre de 2023 la Junta solicitó la desestimación del recurso, argumentando que toda vez que la carta de adjudicación no contenía las ofertas efectuadas por los tres proponentes, ni un análisis de las propuestas rechazadas, la misma incumplía con las exigencias legales por lo que dicha entidad estaría dejando sin efecto la notificación de la subasta y estaría emitiendo una nueva notificación de adjudicación de la subasta. En vista de lo anterior, argumentó que el recurso resultaba prematuro, por lo que procedía su desestimación.

-II-

-A-

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 et seq. (LPAU), en unión al Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 1.001 y siguientes, y el Reglamento Para La Administración Municipal de 2016, Reglamento Núm. 8873, 19 de diciembre de 2016 (Reglamento Núm. 8873), conjuntamente regulan los procesos de subasta de los municipios.

La LPAU, es eminentemente una ley procesal, y lo único que dispone, pertinente al caso que nos ocupa es que "los procesos de licitación pública municipal se realizarán de conformidad a la Ley 107-2020, según enmendada." Sección 3.19, LPAU, 3 LPRA sec. 9659.

El Código Municipal, *supra*, por su parte, dispone los requisitos para que un municipio adjudique la buena pro en un

proceso de subastas. Particularmente, el Artículo 2.040 del Código Municipal dispone que:

La Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros.

a. Criterios de adjudicación — Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta**. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.  21 LPRA sec. 7216 (énfasis suplido).

Del citado Artículo se desprende con toda claridad que la norma a seguir en los procesos de subastas municipales es que la junta de subastas deberá optar por el licitador que propone el precio más bajo para la compra, construcción o suministros de servicios. A modo de excepción, cuando beneficie al interés público, la junta podrá optar por un licitador cuya propuesta no sea la más económica. No obstante, cuando la junta opta por un licitador que

no sea el más económico, esta debe hacer constar, por escrito, las razones por las cuales el interés público se ve beneficiado. En este sentido, el Tribunal Supremo ha resuelto que la resolución adjudicando la subasta debe, por lo menos, contener la siguiente información: los nombres de los licitadores y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y, la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869 (1999).

-B-

Las cuestiones relativas a la jurisdicción de un tribunal se tienen que resolver con preferencia a cualesquiera otras. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, a las págs. 104-105 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, a la pág. 882 (2007). El Tribunal de Apelaciones debe ser celoso guardián de su jurisdicción y no tiene discreción ni autoridad en ley para asumirla donde no la hay. *Souffront v. A.A.A.*, 164 DPR 663, a la pág. 674 (2005). Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa de manera ultra vires. *Maldonado v. Junta de Planificación*, 171 DPR 46, a la pág. 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. *Romero Barceló v. E.L.A.*, 169 DPR 460, a la pág. 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, a la pág. 370 (2003); *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, a las págs. 153-154 (1999).

Un recurso es prematuro cuando se ha presentado en la secretaría de un tribunal antes de tiempo o de que haya comenzado el término para que dicho foro pueda adquirir jurisdicción. En virtud de ello, carece de eficacia y no produce efectos jurídicos.

*Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, a las págs. 97-98 (2008). Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Carattini v. Collazo Syst. Analysis, Inc.*, *supra*, a la pág. 370.

-III-

Tras examinar la notificación de la "Subasta General 2025-011 Servicios de Guardias de Seguridad" emitida el 12 de junio de 2024 por la Junta, concluimos que la misma no cumplió con los requisitos mínimos establecidos en nuestro ordenamiento jurídico.

Tal y como se expusiera en la Parte II de esta Sentencia, para que una notificación de adjudicación de subasta sea adecuada, la misma debe exponer, al menos, un resumen de las propuestas, las razones por las cuáles no se eligieron a los licitadores no agraciados, así como los criterios que se tomaron en cuenta para adjudicar la subasta. De otra parte, si bien es cierto que la Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público, en estos casos, deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación. Dichos fundamentos deben ser consignados, aunque sea de manera breve y sucinta.

En el presente caso, en la notificación de adjudicación cursada el 12 de julio de 2024 se establece únicamente lo siguiente:

Saludos,

La Junta de Subastas se reunió el 20 de mayo de 2024, para la apertura de las Propuestas sometidas por las Compañías: **JOM Security Services, Inc.**, **Unique Security Corp.**, **Genesis Security Services Inc.** Luego, se reúnen el 3 de julio de 2024, para evaluar las propuestas sometidas para esta subasta.

Ellos, velando por los mejores intereses del Municipio, adjudican la buena pro a la compañía **JOM Security**

**Services, Inc.**   Aunque no fue el postor con el precio más bajo, nos ofrece un buen servicio, disponibilidad de recursos y experiencia en estos servicios.   Además, cumple con lo solicitado en el pliego de subastas.

De conformidad con lo dispuesto en el artículo 2.040 del Código Municipal, se le notifica que cualquier licitador que no esté de acuerdo con la adjudicación de una subasta, tendrá un término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación para impugnar dicha determinación ante el Tribunal de Apelaciones de conformidad con el artículo 1.050.

Cualquier información adicional que necesite, favor de comunicarse al (787) 738-3211 ext. 400, 401 ó 402.

Cordialmente.

Fdo.
Secretaria
Junta de Subastas

Como se observa, la notificación carece de información alguna sobre las tarifas ofertadas y sobre cual finalmente se aceptó al momento de adjudicación.   De igual forma, los breves fundamentos expuestos tampoco cumplen con el requisito legal de que deben surgir las razones por las cuales se beneficia el interés público del Municipio y que motivaron a la Junta a favorecer a una entidad que no ofertó el precio más económico.

Estos datos forman parte de los requisitos mínimos exigidos en nuestro ordenamiento para que una notificación de adjudicación de subasta sea adecuada. Por consiguiente, las omisiones aquí señaladas convierten dicha notificación en una defectuosa, lo cual incide, a su vez, en el término que tenía la parte recurrente para recurrir en revisión judicial. Del contenido de la notificación de adjudicación no trascienden claramente los elementos considerados por la Junta para tomar su determinación. Ello indudablemente obstaculiza nuestra función revisora y perjudica el derecho a la revisión judicial que le asiste a la parte recurrente.

Por todo lo anterior, dado que la notificación fue inadecuada, concluimos que el presente recurso es prematuro, al haberse presentado sin que se activaran los términos para recurrir ante nosotros mediante recurso de revisión judicial. Consecuentemente, estamos obligados a desestimarlo por falta de jurisdicción para atenderlo. A partir del momento en que la Junta enmiende su notificación de adjudicación de subasta para atemperarlo a los requisitos mínimos establecidos por nuestro ordenamiento es que se activará el término para recurrir en su revisión ante nosotros.

-IV-

Por los fundamentos expuestos, desestimamos el presente recurso por falta de jurisdicción, al momento, por prematuro.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones