ELSIE PÉREZ MARRERO, recurrida, *v.* C.R. JIMÉNEZ, INC. y OTROS, peticionarios.

Número: CC-98-975     Resuelto: 20 de abril de 1999

*José Enrique Colón Santana*, abogado de los peticionarios.

## RESOLUCIÓN

Examinada la petición de *certiorari* presentada el 3 de diciembre de 1998, *no ha lugar por falta de jurisdicción por prematuro.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Negrón García emitió un voto particular concurrente. La Juez Asociada Señora Naveira de Rodón emitió un voto particular disidente, al cual se unió el Juez Asociado Señor Fuster Berlingeri.

(*Fdo.*) Isabel Llompart Zeno
Secretaria del Tribunal Supremo

— O —

Voto concurrente del Juez Asociado Señor Negrón García.

I

*"Prematuro"*, *lo que ocurre antes de tiempo*; en el ámbito procesal, un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. Véase *Hernández v. Marxuach Const. Co.*, 142

D.P.R. 492 (1997). *Un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción.*

Como tal, su presentación carece de eficacia y *no produce ningún efecto jurídico*, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos para almacenarlo con el propósito de reactivarlo luego en virtud de una simple *moción informativa*. Así lo hemos dictaminado *siempre* en el pasado, *exigiendo la presentación de un nuevo recurso con su apéndice y su notificación, dentro del término jurisdiccional correspondiente a este Tribunal.* Estos requisitos no son un mero *dictum* de *Hernández v. Marxuach Const. Co.*, supra, sino un imperativo lógico e insoslayable de la falta de jurisdicción original. Carente de eficacia jurídica interruptora, si acaso, la única otra decisión sería ordenar su desglose y devolución al presentante.

La falta de jurisdicción por prematuridad no acontece cuando dictamos nuestra resolución para declarar sin lugar un recurso; *el momento decisorio y crucial es la fecha de su presentación, no el de nuestra resolución.*

*La jurisdicción no es materia prima susceptible de moldearse con mayor o menor flexibilidad. Tampoco puede establecerse mediante trámites internos de conservación de documentos en este Tribunal. No hay razón alguna para convertir nuestra Secretaría en una extensión más de las oficinas de archivos ("record room") de los abogados con el propósito de conservarles recursos tempranamente inoportunos, que no debieron ni podían ser válidamente presentados por carecer este Foro de jurisdicción.*

## II

Es unánime el criterio de que una moción de reconsideración oportunamente presentada ante el Tribunal de Cir-

cuito de Apelaciones (en adelante el Tribunal de Circuito) *interrumpe ex proprio vigore* el término jurisdiccional para acudir ante este Foro. O sea, no ha surgido autoridad para nosotros poder intervenir en un recurso contra una sentencia o resolución del Tribunal de Circuito.

Sin necesidad de interpretación alguna, así lo dispone claramente la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III,[1] según enmendada el 25 de diciembre de 1995; esto es, hace más de tres (3) años. Con mayor especificidad, la Regla 84 del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXI-A —en vigor desde el 1ro de mayo de 1996— visualiza esa suspensión automática al término jurisdiccional. No podemos, pues, asumir ignorancia o desconocimiento de esa normativa entre los abogados del país. Desde que entró en vigor la actual Ley de la Judicatura de Puerto Rico de 1994, la presentación prematura de un número mínimo, reducido e insignificante de treinta y cinco (35) recursos de un gran total de dos mil quinientos siete (2,507) (1.4%),[2] no justifica semejante percepción negativa.

---

[1] *In fine*, la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en lo pertinente:

"La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la resolución o sentencia, presentar una moción de reconsideración. *El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración.*" (Énfasis suplido.)

[2] **CASOS PRESENTADOS EN EL TRIBUNAL SUPREMO DESDE EL 1ro DE MAYO DE 1996 HASTA EL 28 DE FEBRERO DE 1999**

| Recursos | Total | Por Ciento |
|---|---|---|
| Certioraris | 2,344 | 93.5 |
| Apelaciones Civiles | 155 | 6.2 |
| Certificaciones | 8 | 0.3 |
| **Gran Total** | 2,507 | 100.0 |

**No Ha Lugar por Prematuro: 35 Casos**
**Gran Total de Casos Presentados: 2,507 Casos**
35/2,507 = 0.014 X 100 = 1.4

Al aplicar estos principios y la doctrina sentada hace más de dos (2) años en *Hernández v. Marxuach Const. Co.*, supra, a la cronología procesal del recurso, sólo cabe una vía decisoria: dictaminar la falta de jurisdicción. Este recurso se presentó el 3 de diciembre de 1998. *A esa fecha carecíamos de jurisdicción, o sea, autoridad judicial alguna para recibir, acoger e intervenir en el caso, por estar pendiente ante el Tribunal de Circuito una moción de reconsideración.* Al otro día de su prematura presentación, el reputado Tribunal de Circuito denegó la reconsideración. El 11 de diciembre, los peticionarios C.R. Jiménez, Inc. y otros simplemente nos informaron ese dato.

La aludida moción informativa no reactivó ni sustituyó el requisito de presentar un nuevo recurso *dentro del término jurisdiccional*. La misma vara que antes hemos aplicado a otros litigantes para medir la justicia, nos impone como único curso declararlo sin lugar por falta de jurisdicción, por prematuro.[3]

## III

Respetuosamente, una nota cautelar. No estamos ante un problema de carácter administrativo, sino jurídico. La cuestión que se ha de adjudicar aquí *es la falta de jurisdic-*

---

[3] Innumerables decisiones nuestras dictaminan la falta de jurisdicción en el tribunal de instancia, en el Tribunal de Circuito de Apelaciones o en este Foro; adjudicación que se hace *a posteriori*, cuando ha transcurrido en exceso el término en cuestión y la parte afectada adversamente por ese pronunciamiento no puede remediarlo. Véanse: *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1997); *Andino v. Topeka, Inc.*, 142 D.P.R. 933 (1997); *Hernández v. Marxuach Const. Co.*, 142 D.P.R. 492 (1997); *Almodóvar v. Warren Electric Co.*, 140 D.P.R. 906 (1996); *Harland Co. v. Mun. de San Juan*, 139 D.P.R. 185 (1995); *Canales Velázquez v. Converse de P.R., Inc.*, 129 D.P.R. 786 (1992); *Pueblo v. Miranda Colón*, 115 D.P.R. 511 (1984); *Morales Rodríguez v. Comisión Industrial*, 110 D.P.R. 353 (1980); *Suárez v. Flamingo Homes, Inc.*, 102 D.P.R. 664, 668 (1974); *Torres Torres v. Tribunal Superior*, 101 D.P.R. 277, 278–279 (1973); *Barreto v. Sherris Caribbean, Inc.*, 92 D.P.R. 859, 864–865 (1965); *López Rivera v. Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1963); *González v. Am. Surety Co.*, 71 D.P.R. 354, 358 (1950); *Sierra v. Blondet Delanoy*, 70 D.P.R. 214 (1949).

*ción*, no lo oneroso de tener que duplicar o reproducir documentalmente, modificado o no, un recurso.

En materia de jurisdicción, la Asamblea Legislativa no nos ha firmado ni entregado un cheque en blanco. Retener *pro tempore* administrativamente una jurisdicción precoz, inexistente *(por prematura)*, al igual que asumirla o ejercerla donde no la hay (por tardía), *es un ejercicio judicial arbitrario que atenta contra los parámetros constitucionales que estamos obligados a respetar.*

Nuestras decisiones han de responder a las exigencias superiores del Derecho sin apartarnos de los fines que corresponden al proceso jurisdiccional.

— o —

Voto particular disidente de la Juez Asociada Señora Naveira de Rodón, al cual se une el Juez Asociado Señor Fuster Berlingeri.

En el caso ante nuestra consideración se solicita la revisión de una resolución emitida por el Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito). El dictamen a su vez revisó una resolución del foro de instancia en relación con dos (2) casos que fueron consolidados por el Tribunal de Circuito. A pesar de que, por la trayectoria procesal algo accidentada seguida en estos casos, no surge claro del expediente, entendemos que se trata de la revisión de una resolución del tribunal de instancia, no de una sentencia. El recurso apropiado es, por lo tanto, el *certiorari*, establecido en el Art. 3.002(d)(4) del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(4). El término para presentarlo es de treinta (30) días, contados desde el archivo en autos de la notificación del dictamen recurrido. Este término es de cumplimiento estricto, pro-

rrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

El recurso de *certiorari* ante nuestra consideración fue presentado el 3 de diciembre de 1998. Un día después, el 4 de diciembre de 1998, el Tribunal de Circuito notificó a las partes una resolución mediante la cual se denegó una moción de reconsideración, oportunamente presentada. Así las cosas, el 11 de diciembre los peticionarios acudieron con una moción informativa en la que nos indicaron que el Tribunal de Circuito ya había resuelto la moción de reconsideración.

Con relación a los casos presentados prematuramente, por estar aún pendiente de resolver ante el Tribunal de Circuito una moción de reconsideración, en *Hernández v. Marxuach Const. Co.*, 142 D.P.R. 492 (1997), expresamos que una vez resuelta la reconsideración por el Tribunal de Circuito, no se reactiva automáticamente el recurso presentado prematuramente ante nos. Añadimos, a manera de *dictum*, ya que ésta no era la situación procesal que se presentaba en ese caso, que "[s]i la parte aún interesa que revisemos el dictamen del Tribunal de Circuito de Apelaciones tiene que presentar el recurso apropiado, ya fuere el de *certiorari* o apelación, dentro de los términos jurisdiccionales (o de cumplimiento estricto) provistos en la ley". *No entramos, sin embargo, a discutir la forma en que estos recursos se podían presentar.*

Luego de analizar las circunstancias específicas del caso de autos y tomando en consideración nuestra experiencia de más de dos (2) años, examinando recursos presentados al amparo de esta disposición procesal, entendemos que la norma enunciada en este dictum debe flexibilizarse. Es decir, debemos ampliar la forma y manera en la cual estos nuevos recursos pueden presentarse sin violar, pero sí ajustando, las reglas procesales actuales, o sea, adaptando los requisitos técnicos a una situación que se nos ha pre-

sentado y se nos presenta de forma recurrente. Esto evitará que los litigantes pierdan el derecho a que su caso se revise en los méritos, por lo que podría denominarse "exceso de diligencia" mezclada con una dosis de pobre manejo de las reglas apelativas procesales.

Bajo las circunstancias específicas de este caso, donde antes de que transcurrieran los treinta (30) días de cumplimiento estricto para presentar nuevamente el recurso de *certiorari* que se había radicado prematuramente, la parte peticionaria presentó una moción informativa que claramente demuestra, tanto su diligencia como su intención de proseguir con el trámite de revisión. Aunque tenemos que admitir que también refleja algún desconocimiento técnico de las reglas procesales apelativas, creemos que el caso se debe ver en los méritos.

Debemos interpretar las reglas procesales apelativas de forma flexible. Esto entraña que acojamos la moción informativa presentada como una que tuvo un propósito dual, informar y aunar a ésta, por referencia, el recurso de *certiorari* previamente presentado y los trámites de perfeccionamiento realizados en cuanto a éste. Como consecuencia de lo anterior, en esos momentos el recurso quedó adecuadamente presentado y perfeccionado. En otras palabras, lo trataríamos como si el recurso se hubiese presentado de forma completa por segunda vez. No hay nada en las reglas que impida que a un escrito por referencia se le unan documentos que ya constan en el expediente del caso con todas las consecuencias legales que de ellos surja. Cabe señalar además, que al denegarse la reconsideración de plano, como sucedió en este caso, en nada variaron ni se alteraron los planteamientos y argumentos incluidos en el primer recurso de *certiorari* que fue prematuramente presentado. Por otra parte, el procedimiento que estamos proponiendo en nada altera el propósito de las reglas de garantizarle el debido proceso de ley a las partes y la orde-

nada tramitación de los asuntos en los tribunales. Entendemos que los ajustes que habría que hacer por parte del Tribunal para acoger este trámite no presentan problemas insolubles.

La interpretación flexible de las reglas por la que abogamos y el curso de acción que entendemos el Tribunal debe adoptar, evitaría duplicaciones en la presentación de documentos que nada aportan a la solución de los casos y a la consecución de la justicia. Además, le estaríamos insuflando vida a la norma que siempre debe prevalecer en los foros judiciales de que los casos, de ser posible, se resuelvan en los méritos y que las normas procesales no deben de tener valor por sí solas, no deben cobrar vida propia. Después de todo, éstas sólo son mecanismos o instrumentos auxiliares para la solución justa, rápida y económica de los casos y las controversias.

Por todo lo antes expuesto es que disentimos de la posición que hoy adopta la mayoría del Tribunal de desestimar el recurso presentado por prematuro. La consecuencia de este curso de acción es desastrosa para el peticionario, ya que cualquier recurso presentado en estos momentos estaría fuera del término de cumplimiento estricto de treinta (30) días que establece la Ley de la Judicatura de Puerto Rico de 1994, según enmendada.[1]

Como punto adicional, pero no menos importante, no debemos perder de vista que estamos ante un recurso con un voluminoso apéndice. Al evitar la utilización innecesaria de papeles, estaríamos contribuyendo, aunque fuere de una forma mínima, a la conservación ecológica de nuestra planeta. En particular, a la conservación de nuestros árboles y de nuestro medio ambiente.

---

[1] De presentarse un recurso en estos momentos con una explicación sobre la tardanza estaríamos dispuestos, siguiendo la misma filosofía procesal, a considerar la razonabilidad de ella y permitir la presentación del recurso y su consideración en los méritos.

Por último, quisiéramos hacer constar nuestra gran preocupación sobre el desconocimiento de las reglas procesales apelativas por parte de un número sustancial de letrados que postulan ante este Foro y ante el Tribunal de Circuito. Los expedientes que a diario examinamos están plagados de errores procesales que reflejan esto. En algunos casos la situación es peor, pues el abogado, aun después que se le señala la falta en que ha incurrido, no parece entender la falla ni la forma correcta de proceder.