CC-99-892

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Jacqueline Rodríguez Díaz, et al<br>    Peticionarios<br><br>    v.<br><br>Jan Pierre Zegarra, et al<br>    Recurridos | Certiorari<br><br>2000 TSPR 51 |
| --- | --- |

Número del Caso: CC-1999-0892

Fecha: 27/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Charles A. Cordero Peña

Abogados de la Parte Peticionaria: Lcdo. Víctor M. Rivera Torres
                                   Lcdo. Luis H. Sánchez Caso

Abogado de la Parte Recurrida:    Lcdo. Pedro J. Córdova

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jacqueline Rodríguez Díaz,
et al.

Demandantes-Peticionarios

                                CC-99-892    Certiorari

        v.

Jan Pierre Zegarra, et al.

   Demandados-Recurridos


PER CURIAM


San Juan, Puerto Rico, a 27 de marzo de 2000

I

El 8 de junio de 1998, el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Milagros Rivera Guadarrama), dictó Sentencia declarando con lugar la demanda en daños y perjuicios por impericia médica presentada por la Sra. Jacqueline Rodríguez Díaz, por sí y en representación de su hija, Carla Tricoli Rodríguez, contra el Dr. Jan Pierre Zegarra, <u>et al.</u> Copia de su notificación fue archivada en autos el 15 de junio.

El 18 de junio el codemandado Jan Pierre Zegarra presentó una "Moción Solicitando Determinaciones de Hechos Adicionales"                    y                    una

solicitud de reconsideración. No obstante, el 16 de julio –**antes de que Instancia resolviera esas mociones**–, el Dr. Zegarra apeló al Tribunal de Circuito de Apelaciones.

El 24 de julio, Instancia las denegó; su resolución fue archivada en autos el 28 de julio.

Así las cosas, la Sra. Rodríguez Díaz, <u>et al.</u> solicitaron reiteradamente al Tribunal de Circuito la desestimación de la apelación por falta de jurisdicción. Adujeron que a la fecha de su presentación –16 de julio–, no podía acogerse el recurso, pues Instancia retuvo jurisdicción con la oportuna radicación de la solicitud de determinaciones de hechos adicionales; interrupción jurisdiccional que no cesó hasta que la resolvió y notificó. En ese momento nació el término jurisdiccional apelativo de treinta (30) días para presentar la apelación.

Tras varios trámites procesales, el Tribunal de Circuito (Hons. López Vilanova, Cordero y Feliciano Acevedo), desestimó por falta de jurisdicción al concluir correctamente que, en efecto, la presentación de la apelación del Dr. Zegarra fue prematura y debió esperar que Instancia resolviera las mociones que tenía ante sí. No obstante, en su Sentencia le ordenó a Instancia dejar sin efecto la resolución del 24 de julio y emitir una **nueva** resolución adjudicando la solicitud de determinaciones de hechos adicionales. Fundamentó ese

mandato en que Instancia había actuado contrario a las normas que rigen los trámites apelativos. En específico, se basó en las Reglas 53.9 de Procedimiento Civil y 18 del Reglamento del Tribunal de Circuito de Apelaciones,[1] dispositivas de que la presentación del escrito de apelación suspende automáticamente todos los procedimientos ante Instancia, y por ende, dicho foro actuó sin jurisdicción al resolver ambas mociones; a

---

[1] Disponen en lo pertinente:

"(a) Una vez presentado el escrito de apelación se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de la misma de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión envuelta en el mismo no comprendida en la apelación; disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia."

...

"(1) **Suspensión** – Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Circuito de Apelaciones; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión implicada en el mismo no comprendida en la apelación."

juicio del Circuito lo procedente era que aguardara por su resolución.

A solicitud de la Sra. Rodríguez Díaz, et al., mediante trámite de mostración de causa, revisamos.[2]

## II

Todos los errores giran en una órbita común, a saber, la corrección del Tribunal de Circuito haber ordenado a Instancia que resolviera nuevamente la solicitud de determinaciones de hechos y conclusiones de derecho que había declarado sin lugar, aún cuando dicho foro desestimó por falta de jurisdicción por prematuridad. Tienen razón los peticionarios Rodríguez Díaz, et al.

---

[2] Plantea y discute los siguientes señalamientos:

"Erró el Tribunal de Circuito de Apelaciones al asumir jurisdicción para ordenarle al Tribunal de Primera Instancia que nuevamente resolviera una moción de determinaciones de hechos adicionales, pendientes a la fecha de radicarse la apelación, aún cuando correctamente concluyó que no tenía jurisdicción al haberse presentado el escrito de apelación prematuramente.

Erró el Tribunal de Circuito de Apelaciones al dictar una orden requiriendo al Tribunal de Primera Instancia que vuelva a resolver una moción de determinaciones de hechos adicionales, aún cuando desestima una apelación por falta de jurisdicción al haberse presentado prematuramente.

Erró el Tribunal de Circuito de Apelaciones al concluir que una apelación presentada prematuramente priva de jurisdicción al Tribunal apelado quien tiene sometido y no ha resuelto una moción solicitando determinaciones de hechos adicionales."

Sabido es, que una **oportuna y bien formulada** solicitud de determinaciones de hechos adicionales -Andino v. Topeka, res. en 10 de abril de 1997, 142 D.P.R. ____ (1997)-, interrumpe, entre otros, los términos para interponer una apelación, certiorari o recurso de certificación. Según la Regla 43.4 de Procedimiento Civil, comienzan a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones sometidas. También la Regla 53.1 (g) de dicho cuerpo, dispone que el término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y comenzará a computarse desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes de relación con dichas mociones:

> "(1) En las apelaciones al Tribunal de Circuito de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción."

Vemos pues, que es a partir de la fecha en que el Tribunal de Primera Instancia resuelve la moción solicitando determinaciones de hechos y conclusiones de derecho, que se abre otra vez el término jurisdiccional de treinta (30) días para el interesado recurrir en apelación al Circuito de Apelaciones.

Como bien resolvió el Tribunal de Circuito, la presentación del escrito de apelación presentado por el Dr. Zegarra fue **prematura**, antes de que Instancia resolviera la moción sobre determinaciones de hechos adicionales.

**Una apelación o un recurso prematuro al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto por falta de jurisdicción**. Hernández Apellaniz v. Marxuach Construction Co., res. en 3 de febrero de 1997, 142 D.P.R. _____ (1997); Pérez Marrero v. C. R. Jiménez, Inc., res. en 20 de abril de 1999, 99 TSPR 59. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. Pueblo v. Santana Rodríguez, res. en 25 de mayo de 1999, 99 TSPR 81.

Si el Circuito no tenía jurisdicción para entender en la apelación, tampoco la tenía para, usando como base las precitadas Reglas 53.9(a) de Procedimiento Civil y 18 de su Reglamento, ordenar a Instancia que resolviera de nuevo la moción solicitando determinaciones de hechos adicionales que estaba pendiente al radicarse la apelación.

El efecto suspensivo que reconocen ambas reglas está apuntalado en la premisa de que el foro apelativo tiene

jurisdicción en virtud de la apelación interpuesta. Lógicamente, de carecerla por prematura, como en el caso de autos, la apelación no tiene el efecto suspensivo visualizado en esa normativa.

Por los fundamentos expuestos, se dictará Sentencia expidiendo el auto y revocando la del Tribunal de Circuito de Apelaciones.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Jacqueline Rodríguez Díaz,
et al.

Demandantes-Peticionarios


           v.                          CC-99-892      Certiorari


Jan Pierre Zegarra, et al.

   Demandados-Recurridos


SENTENCIA


San Juan, Puerto Rico, a 27 de marzo de 2000


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia expidiendo el auto y revoca la del Tribunal de Circuito de Apelaciones.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



                        Isabel Llompart Zeno
                      Secretaria del Tribunal Supremo