ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO **RECURRIDO** v. VÍCTOR PÉREZ ALAMEDA **PETICIONARIO** | KLCE202401082 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Caso Criminal: JSC2010G0012 Sobre: 411 A Ley Sustancias Controladas |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece el señor Víctor Pérez Alameda (Sr. Pérez Alameda; peticionario) por derecho propio, mediante un escrito titulado *Solicitud de Corrección de Sentencia al Amparo del Artículo 4 [del] Código Penal 2012*, ante el Tribunal de Apelaciones, identificado como un recurso de *certiorari*.

Adelantamos que se desestima el auto de *certiorari* a tenor con lo dispuesto en la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), por falta de jurisdicción.

**I**

El Sr. Pérez Alameda expone y alega en su recurso, lo siguiente:

1. "Que el día 20 de agosto de 2024[,] el Honorable Tribunal de Ponce reci[b]ió el recurso sometido en solicitud de reconsideración o corrección de la sentencia impuesta en este caso";

2. "Que dicho Tribunal declaró sin lugar el recurso[,] pero no emitió aviso ninguno [,] solo contestó por medio de la declaración de [*pauperis*,] esto actuando en contra de los principios que debe ejecutar este tipo de foro";

3. "Que al actuar de esta manera[,] deja entre(*sic*) juicio su sentido de justicia[,] ya que no atendió el recurso y sólo se limit[ó] a declarar sin lugar la [*pauperis*] y emitió resolución alguna acerca del documento[,] esto se presume para que el imputado en este caso no acudiera ante el Honorable Tribunal de Apelaciones[,] ya que es más que cierto que se debe corregir la sentencia

impuesta [,] ya que [a]tenta contra la dignidad humana y va en contra del principio de la proporcionalidad porque en aquel entonces se podía duplicar la pena pero[,] luego de la apro[b]ación del Nuevo Código Penal[,] solo se puede aumentar a un 25%[,] de mediar circunstancias agravantes y el Artículo 4 estipula que tendrá efecto retroactivo en cuanto beneficie al imputado del delito." [1]

El Sr. Pérez Alameda solicita "la corrección de la pena impuesta de 20 años[,] m[á]s 20 años de agravamiento[,] para que sean 20 años de penalidad m[á]s el 25% de agravamiento para un total de 25 años en total y con ello se de conocimiento al [Departamento de Corrección y Rehabilitación] para que corrija y efectúe los trámites pertinentes para la reducción de sentencia[,] lo cual es mandatario, justo y no se está solicitando nada extraordinario."[2]

Por otro lado, el peticionario incluyó en su recurso unas copias de los siguientes documentos:

1. *Solicitud de Corrección de Sentencia al Amparo de la Ley 146-2012 y sus artículos 4 y 67 del CP*, presentada el 20 de agosto de 2024 a las 11:17AM ante el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), en la cual hace los reclamos que presenta en su *Recurso de certiorari* ante este Tribunal de Apelaciones;

2. *Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis)*, presentada el 20 de agosto de 2024 a las 11:17AM ante el TPI; y

3. *Notificación* emitida el 3 de septiembre y notificada el 5 *de septiembre de 2024*, por la Secretaria del TPI, la cual informa que se emitió una Orden que declaró sin lugar la Solicitud para que se exima de pago de arancel al Sr. Pérez Alameda.

Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[3]

**II**

El recurso de *certiorari* "es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior". *Pueblo v. Colón*, 149 DPR 630, 637 (1999).

---

[1] *Recurso de certiorari*, págs. 1-2.
[2] *Recurso de certiorari*, pág. 2.
[3] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

Es un recurso que se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Id.* El Reglamento del Tribunal de Apelaciones dispone en su Regla 40 que para determinar si debemos expedir un auto de *certiorari* debemos tomar en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración

(F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B R.40.

Un recurso es prematuro cuando es presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción y adolece del grave e insubsanable defecto de la falta de jurisdicción. *Pérez v. C.R. Jiménez, Inc.*, 148 D.P.R. 153, 153-154 (1999). Por tanto, "su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una simple moción informativa." *Id.,* pág. 154. Nuestra jurisprudencia interpretativa exige la necesidad de presentar un nuevo recurso con su *apéndice* y notificación, dentro del término jurisdiccional correspondiente. *Id.*

La jurisdicción no se presume. Previo a la consideración en los méritos de un recurso o una vez cuestionada su jurisdicción, es deber ministerial de todo tribunal evaluar si la posee, pues ello incide directamente sobre el poder mismo para adjudicar una controversia. La

ausencia de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni este puede adjudicársela. *Maldonado v. Junta Planificación,* 171 D.P.R. 46*,* 55 (2007).

Por último, los tribunales no tienen discreción para asumir jurisdicción donde no la hay. Por ello, cuando un tribunal emite un dictamen sin tener jurisdicción sobre las partes o la materia, su decreto es jurídicamente inexistente o *ultra vires. Cordero v. ARPe,* 187 D.P.R. 445, 457 (2012); *Maldonado v. Junta Planificación, supra*, pág. 55; *Empress Hotel, Inc. v. Acosta,* 150 D.P.R. 208, 212 (2000). La sentencia o una resolución final dictada por un tribunal sin jurisdicción es nula, por lo cual, carece de eficacia. *Morán v. Martí,* 165 D.P.R. 356, 364 (2005).

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), concede a este Tribunal la facultad de desestimar un recurso de apelación o denegar un auto discrecional a iniciativa propia por los siguientes fundamentos:

1. **que el Tribunal de Apelaciones carece de jurisdicción**

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello

3. que no se ha presentado o proseguido con diligencia o de buena fe

3. el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos

4. que el recurso se ha convertido en académico (Énfasis nuestro.)

**III**

En esencia, el peticionario alega ante este Tribunal de Apelaciones lo siguiente: que, el 20 de agosto de 2024, el TPI recibió la solicitud de reconsideración o corrección de la sentencia impuesta en el caso criminal J SC2010G0012; que el foro recurrido **declaró sin lugar la solicitud de corrección de sentencia, pero no emitió aviso ninguno y solo**

**dispuso sobre la solicitud de exención del pago de arancel**. Es decir, el Sr. Pérez Alameda reconoce que no se ha adjudicado sobre el petitorio de corrección de sentencia por el TPI. Así las cosas, el recurso ante nuestra consideración es prematuro, lo que nos priva de jurisdicción, y nos obliga a desestimar el auto de *certiorari*.

**IV**

Por los fundamentos antes expuestos, se desestima el auto de *certiorari* por falta de jurisdicción al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 83 (C).

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelacione