Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br>Parte Peticionaria<br><br>v.<br><br>ROBERTO RODRÍGUEZ CALDERÍN<br>Parte Recurrida | KLCE202401375 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Crim. Núm.:<br>J LE2023G0018<br>J LE2023G0019<br>J LE2023G0084<br><br>Sobre:<br>Art. 3.1 Ley 54 (3c) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2025.

El 18 de diciembre de 2024, El Pueblo de Puerto Rico (el Pueblo o la parte peticionaria), representado por la Oficina del Procurador General de Puerto Rico, instó el recurso de *certiorari* de epígrafe. Solicita que revoquemos una *Minuta* (Resolución) de la Vista celebrada el 21 de octubre de 2024 y transcrita, notificada y archivada en autos el 22 octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce, por la que el foro primario denegó la solicitud de revocación de probatoria respecto al señor Roberto Rodríguez Calderín (señor Rodríguez Calderín).[1] Por su parte, el señor Rodríguez Calderín presentó una *Oposición Parte Recurrida* el 7 de enero de 2025.

Por los fundamentos que expondremos a continuación, se DESESTIMA el presente recurso.

**-I-**

El 21 de octubre de 2024 se celebró la Vista Final de Revocación de Probatoria a la cual compareció El Pueblo de Puerto

---

[1] *Minuta* (Resolución), Apéndice del recurso, págs. 37-39.

Número Identificador

RES2025_____

Rico y el señor Rodríguez Calderín representados por sus respectivos abogados. El Tribunal admitió en evidencia varios informes[2], testimonios y declaró no ha lugar la solicitud de revocación de probatoria.

Inconforme, El Pueblo acudió ante nos mediante el recurso de epígrafe y le adjudicó al TPI la comisión del siguiente error:

> El Tribunal de Primera Instancia, abusó de su discreción al no revocar el privilegio de libertad a prueba del señor Rodríguez Calderín, a pesar de que el Ministerio Público acreditó que este incumplió las condiciones impuestas como requisito para disfrutar de dicho privilegio.

Por su parte, el 7 de enero de 2025, el recurrido presentó su *Oposición parte recurrida.*

**-II-**

**-A-**

La Regla 32(b) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico del 30 de junio de 1999, según enmendadas, 4 LPRA Ap. II-B, R. 32 (b), dispone como sigue:

> [...]

> B. Minutas-

> (1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los tribunales y será certificada por la Secretaria de Servicios a Sala.

> La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes. Se permitirá la utilización de papel de color rosa o del color que se establezca y que se tenga disponible para la preparación de la minuta original. Esto tiene como propósito poder identificar en el expediente con rapidez la minuta. **La minuta no será notificada a las partes o a sus abogados, salvo que**

---

[2] En la Minuta del 21 de octubre de 2024, se mencionan tres (3) informes. Dos fechados 14 de julio de 2024 y otro de 47 páginas preparado por la Sra. Quiñones. Aclaramos que ninguno de ellos forma parte del apéndice del recurso.

**incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.** La Secretaria, custodia del expediente podrá expedir copia de la minuta, previo la cancelación de los derechos arancelarios, según corresponda.

(2) La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes y las determinaciones del juez o de la jueza, una relación de las personas que testificaron, y una relación de la prueba documental presentada con indicación de si fue admitida o no. (Énfasis nuestro).

Así pues, conforme a lo anterior, para que una minuta pueda considerarse como el punto de partida desde el cual dimanan los términos pertinentes para solicitar una reconsideración o para dar curso a la gestión apelativa, la misma debe ser notificada a todas las partes en el caso, debe ir acompañada con una resolución u orden emitida por el tribunal concernido y el juzgador destacado en el caso tiene que consignar su firma en la misma. De lo contrario, la misma no es eficaz a los efectos de activar los plazos correspondientes para ejercer trámites ulteriores. *Sánchez et al. v. Hosp. Dr. Pila et al.,* 158 DPR 255, 261 (2002). *Pueblo v. Ríos Nieves* 209 DPR 264, 286 (2022).

**-B-**

Como bien se sabe, los tribunales deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aun en defecto de señalamiento del mismo. *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652 (2014); *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *JMG Investment v. Estado Libre Asociado de Puerto Rico,* 203 DPR 708 (2019); *Torres Alvarado v. Madera Atiles,*

202 DPR 495 (2019). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom, supra.*

En lo atinente al caso de autos, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción del tribunal al que se recurre. *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357 (2001); *Pérez v. C.R. Jiménez Inc.*, 148 DPR 153 (1999). Así pues, un recurso que se presenta antes de tiempo a la consideración del foro apelativo no produce efecto jurídico alguno, por lo que no puede atenderse en sus méritos. De igual forma, el tribunal intermedio está impedido de conservarlo con el propósito de reactivarlo posteriormente mediante una moción informativa. En consecuencia, dicho recurso tiene que ser nuevamente presentado. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

Por su parte, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, supra, le confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 Desistimiento y desestimación
[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) **que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello**.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. (Énfasis nuestro).

**-III-**

En el presente caso, El Pueblo de Puerto Rico interesa que revisemos una Minuta emitida por el TPI que recoge lo acontecido en Vista Final de Revocación a Probatoria celebrada el 21 de octubre de 2024. Ahora bien, dicha Minuta **no contiene la firma del Juez** que presidió la vista, **como tampoco los fundamentos en qué basó su determinación**[3] de declarar no ha lugar la solicitud de revocación de probatoria.

Según expusiéramos, la Minuta es el documento en el cual se registran las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. Cuando ésta sea notificada a las partes o a sus abogados, por haberse incluido una resolución u orden emitida por el juez o la jueza en corte abierta, la Minuta deberá ser firmada por dicho juez o la jueza, y así ser notificada a las partes. Es precisamente la firma del juez o la jueza la que valida la corrección de la determinación contenida en la Minuta, y nos sirve para asegurarnos de que lo allí vertido no constituye una interpretación del funcionario que redactó la Minuta. De esta forma es que la determinación se convierte en un dictamen revisable ante este Tribunal.

Toda vez que la Minuta de la cual se recurre no está firmada por el juez que presidió la vista[4], y no consta que se haya emitido resolución u orden que haya sido debidamente notificada y que podamos revisar; por tanto, es forzoso concluir que carecemos de jurisdicción para atender el presente recurso.

---

[3] Un dictamen sin fundamentos adecuados nos impide ejercer adecuadamente nuestra función revisora. Véase Regla 83.1 del Reglamento del Tribunal de Apelaciones.
[4] Hon. Carlos H. Rivera Llorens.

**-IV-**

Por los fundamentos anteriormente expuestos, se DESESTIMA el recurso por falta de jurisdicción, por prematuro.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos disiente por considerar que tenemos jurisdicción para adjudicar la petición de referencia. Aunque la minuta no se firmó, el juez sí firmó la Resolución mediante la cual denegó la moción de reconsideración del dictamen que se recoge en la minuta notificada a las partes. Ello subsana el problema de ausencia de firma en la minuta y distingue la presente situación de la atendida en *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022).

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones