ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ASPHALT SOLUTIONS HATILLO, LLC, <br><br> Recurrente, <br><br> v. <br><br> JUNTA DE SUBASTAS DEL MUNICIPIO DE MOROVIS, <br><br> Recurrida. <br><br> PUERTO RICO ASPHALT, LLC, <br><br> Licitador agraciado. | TA2025RA00056 | REVISIÓN procedente de la Junta de Subastas del Municipio de Morovis <br><br> Núm.: 16 2025-2026. <br><br> Sobre: adquisición de asfalto en planta, renglón #7. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 11 de julio de 2025.

La parte recurrente, Asphalt Solutions Hatillo, LLC. (Asphalt Solutions), presentó un recurso de revisión judicial de decisión final administrativa el 7 de julio de 2025[1]. Nos solicitó que revisáramos y revocáramos la *Adjudicación de Subasta* emitida por la Junta de Subastas del Municipio de Morovis (Junta de Subastas), el 23 de junio de 2025, notificada el 25 de junio de 2025. Mediante el referido dictamen, la Junta de Subastas le otorgó la buena pro de la subasta a Puerto Rico Asphalt, LLC.

No obstante, el 9 de julio de 2025, el Municipio de Morovis presentó una moción informativa junto con una solicitud de desestimación[2].

En lo pertinente, el Municipio adujo que el recurso presentado por Asphalt Solutions se había tornado académico a la luz de que, el 8 de julio

---

[1] *Véase*, entrada núm. 1 del *Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones* (SUMAC TA).

[2] *Íd.*, a la entrada núm. 2 del SUMAC TA.

de 2025, la Junta de Subastas emitió una *Notificación de Adjudicación Enmendada*[3].

Por los fundamentos expuestos, desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

I

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military,* 160 DPR 270, 277 (2003). No obstante, debido a la importancia de que las actuaciones de los tribunales sean dentro del marco de su jurisdicción, constituye una doctrina reiterada por el Tribunal Supremo que debemos ser celosos guardianes de ella. *Sánchez et al. v. Srio. de Justicia et al.,*157 DPR 360, 369 (2002). Por lo tanto, si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción sobre ella. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de los mismos". *Smyth, Puig v. Oriental Bank,* 170 DPR 73, 75 (2007).

De otra parte, el Tribunal Supremo ha expresado que un pleito se torna **académico** cuando se intenta obtener una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *E.L.A. v. Aguayo,* 80 DPR 552, 584 (1958). Es decir, una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *U.P.R. v. Laborde Torres y otros I,* 180 DPR 253, 281 (2010).

Además, resulta importante puntualizar que, por imperativo constitucional, los tribunales pierden la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes.

---

[3] El Municipio de Morovis adjuntó la referida notificación a su moción informativa. *Íd.*

*CEE v. Depto. de Estado,* 134 DPR 927, 935-936 (1993). Así pues, el propósito de la aludida doctrina evita el uso inadecuado de recursos judiciales. A su vez, la doctrina de academicidad da vida al principio de justiciabilidad. *Crespo v. Cintrón,* 159 DPR 290, 298 (2003).

Por otro lado, al examinar si un caso es académico, se deben evaluar los eventos anteriores, próximos y futuros, para determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. En cambio, de no ser así, los tribunales están impedidos de intervenir. *U.P.R. v. Laborde Torres y otros I,* 180 DPR, a la pág. 281.

Otra de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

A su vez, **este Tribunal no puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente**. Claro está, las partes que presentaron el recurso antes del tiempo para ello pueden acudir nuevamente, de manera diligente, ante este Tribunal, cuando proceda. *Empress Hotel, Inc. v. Acosta*, 150 DPR 208, 210-213 (2000); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000); *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, 154 (1999).

III

Examinado, tanto el recurso de revisión como la moción informativa del Municipio de Morovis y sus respectivos apéndices concluimos que carecemos de jurisdicción para atender la controversia según fue planteada.

En el presente caso, Asphalt Solutions presentó el recurso que nos ocupa con el objetivo de cuestionar el resultado de la adjudicación de la subasta, según notificado el 25 de junio de 2025. Sin embargo, la Junta de Subastas *motu proprio* emitió una notificación de adjudicación enmendada

el 8 de julio de 2025, fecha posterior a la presentación del recurso de revisión objeto de esta sentencia. Por tanto, ante esta nueva notificación, colegimos que el presente recurso se tornó académico, en cuanto a la primera notificación de adjudicación de subasta y, a su vez, resulta prematuro con respecto a la notificación enmendada emitida el 8 de julio de 2025.

Conforme discutimos, en cuanto a la primera notificación de adjudicación de subasta, el remedio que podría dictar este tribunal de apelaciones no habría de tener efecto real alguno en cuanto a la controversia expuesta en el presente recurso. Asimismo, con relación a la notificación de adjudicación enmendada, no podemos sino recalcar que este Tribunal no puede conservar este recurso con el propósito de atenderlo y reactivarlo posteriormente, sino que la parte recurrente, en este caso Asphalt Solutions, podrá, de considerarlo necesario, acudir nueva y oportunamente ante este foro.

IV

Por los fundamentos expuestos, desestimamos el presente recurso de revisión judicial por falta de jurisdicción, por academicidad.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones