Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| GLOBAL INVESTMENT STRATEGY UK LIMITED<br><br>Demandante Apelante<br><br>v.<br><br>FALCON FINANCIAL LLC, STAN BODZICK<br><br>Demandada Apelada | TA2025AP00219 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV01756<br><br>Sobre: *Exequatur* |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2025.

Comparece Global Investment Strategy UK Limited (Global o apelante) mediante recurso de apelación y solicita que revoquemos parcialmente la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 24 de junio de 2025 y en la cual se convalidó y reconoció una *Sentencia* extranjera. Luego del apelante informamos mediante moción que dicha *Resolución* no ha sido notificada a la parte apelada mediante edicto, desestimamos el recurso por falta de jurisdicción, al tratarse de uno prematuro.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen.

*Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

A saber, la notificación de una determinación del Tribunal de Primera Instancia es crucial para considerar dicha determinación final y, en consecuencia, las partes de un pleito puedan recurrir de esta para solicitar un remedio apelativo. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc.*, 194 DPR 96 (2015) (citando a *Falcón Padilla v. Maldonado Quirós*, 138 DPR 983 (1995)). De ocurrir esto, el Tribunal de Apelaciones carecerá de jurisdicción, ya que la presentación del recurso carecería de eficacia y no produciría algún efecto jurídico por el tiempo para apelar no haber comenzado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008) (citando a *Pérez v. CR Jiménez, Inc.*, 148 DPR 153 (1999)). No obstante, la desestimación de un recurso prematuro no prohíbe en absoluto que el recurrente vuelva a presentarlo, una vez el foro apelado resuelva la controversia ante su consideración. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra*.

En el presente caso, los apelantes recurrieron ante este Tribunal prematuramente. Mediante su *Moción Informativa*, el apelante confirmó que el Tribunal recurrido nunca expidió el aviso de notificación de sentencia por edicto, por lo cual la *Resolución* en controversia no se ha tornado final y, por tanto, no ha comenzado el término para las partes apelar ante este Tribunal. No obstante, en cuanto la Resolución sea notificada como requiere la ley, las partes—incluyendo el presente apelante—podrán recurrir ante el Tribunal de Apelaciones.

Por los fundamentos expresados, desestimamos el recurso por falta de jurisdicción, al tratarse de uno prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones