Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| HECTOR VITALI ESPARRA<br>Peticionario | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito |
| v. | TA2025CE00835 | Caso Núm.: AI2020RF00140 |
| EVELYN G. ZAYAS RODRÍGUEZ<br>Recurrida | | Sobre: Alimentos-Menores de Edad |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Jueza Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones el señor Héctor Vitali Esparra (Sr. Vitali Esparra; peticionario) en *forma pauperis* mediante el presente recurso de *certiorari* y nos solicita que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI) el 24 de octubre de 2025, notificada el mismo día, y emitamos una orden para detener la pensión alimenticia por razón de estar confinado. El peticionario presentó una *Solicitud y Declaración para que se exima de Pago de Arancel por Razón de Indigencia*, la cual se declaró Ha Lugar en nuestra *Resolución* emitida y notificada el 10 de diciembre de 2025.

Adelantamos que se desestima el recurso de *certiorari* a tenor con lo dispuesto en la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), por falta de jurisdicción por prematuro.

**I**

El Sr. Vitali Esparra recurre de una *Orden* emitida el 22 de octubre de 2025 que dictaminó lo siguiente: "No Ha Lugar. La parte demandada debe incoar una acción nueva".[1] Dicha decisión fue emitida con relación a

---

[1] SUMAC, Entrada 94 en AI2020RF00140.

la *Petición de Alimentos Entre Parientes* presentada por la señora Evelyn G. Zayas Rodríguez (Sra. Zayas Rodríguez; recurrida).[2] En dicho escrito, la Sra. Zayas Rodríguez adujo que la abuela paterna de los menores ostenta capacidad económica suficiente para proveer una manutención en beneficio de sus nietos, ya que su hijo, el Sr. Vitali Esparra, no provee una pensión alimentaria por estar ingresado en prisión. Por tal motivo, solicitó al tribunal de instancia que ordenara a la abuela paterna de los menores a satisfacer la pensión alimentaria a favor de estos.

Al respecto, el Sr. Vitali Esparra comparece mediante el presente recurso de *certiorari* y en su escrito alega que el 29 de octubre de 2025 el TPI declaró No Ha Lugar su petición de detener el pago de pensión alimenticia por este encontrarse confinado cumpliendo una sentencia. A tenor con lo anterior, nos solicita que ordenemos el cese de dicha pensión. Expirado el término reglamentario concedido a la recurrida para presentar su posición en torno al recurso presentado, este quedó perfeccionado sin su comparecencia.

**II**

Un recurso es prematuro cuando es presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción y adolece del grave e insubsanable defecto de la falta de jurisdicción. *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, 153-154 (1999). Por tanto, "su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una simple moción informativa". *Id.,* pág. 154. Nuestra jurisprudencia interpretativa exige la necesidad de presentar un nuevo recurso con su *apéndice* y notificación, dentro del término jurisdiccional correspondiente. *Id.*

La jurisdicción no se presume. Previo a la consideración en los méritos de un recurso o una vez cuestionada su jurisdicción, es deber

---

[2] SUMAC, Entrada 93 en AI2020RF00140.

ministerial de todo tribunal evaluar si la posee, pues ello incide directamente sobre el poder mismo para adjudicar una controversia. La ausencia de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni este puede adjudicársela. *Maldonado v. Junta Planificación,* 171 DPR 46*,* 55 (2007). La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por lo tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Carattini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), concede a este Tribunal la facultad de desestimar un recurso de apelación o denegar un auto discrecional a iniciativa propia por los siguientes fundamentos establecidos en la Regla 83 (B):

**1. que el Tribunal de Apelaciones carece de jurisdicción**

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello

3. que no se ha presentado o proseguido con diligencia o de buena fe

3. el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos

4. que el recurso se ha convertido en académico (Énfasis nuestro.)

### III

El Sr. Vitali Esparra comparece ante nosotros y alega que el foro de instancia declaró sin lugar su petitorio de paralizar la pensión alimentaria ordenada a favor de sus hijos. No obstante, dicha orden es en referencia a una petición presentada por la recurrida. Por ello, la orden se refiere de manera precisa a la parte demandada quien es la Sra. Zayas Rodríguez en este caso, ya que la parte demandante es el Sr. Vitali Esparra. Es decir, la orden de la que se recurre no guarda relación con la solicitud del

peticionario ante el TPI. En cambio, el tribunal no ha emitido dictamen que resuelva la solicitud del peticionario en torno a paralizar la orden de pensión alimentaria. Ante ello, nos encontramos ante un recurso de *certiorari* prematuro. Una vez el foro primario resuelva la moción del Sr. Vitali Esparra, de este estar inconforme, podrá acudir ante este foro revisor de esa determinación.

**IV**

En virtud de lo anteriormente expuesto, desestimamos el recurso de *certiorari* solicitado por falta de jurisdicción, ante su presentación prematura.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones