ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| WANDA I. ROBLES VÉLEZ, Recurrente, v. DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO; OFICINA DE GERENCIA DE PERMISOS (OGPe), Recurrida. | KLRA202500068 | REVISIÓN procedente del Departamento de Desarrollo Económico y Comercio; Oficina de Gerencia de Permisos. Núm. de caso: 2024-SIN-300336 (2024-582990-PU-350264). Revisión núm.: 2024-581638-SDR-301736. |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2025.

La señora Wanda I. Robles Vélez (señora Robles) presentó por derecho propio este recurso el 30 de enero de 2025. En él, solicita que revoquemos la *Resolución sobre Solicitud de Intervención* emitida por la Oficina de Gerencia de Permisos (OGPe) el 9 de octubre de 2024, notificada al día siguiente. Dicha resolución autorizó la intervención de la señora Naidez Casalduc Lugo (señora Casalduc) en el proceso administrativo sobre el permiso único solicitado por Splash Learning Academy, Inc., para el desarrollo de un proyecto para unas instalaciones de servicios educativos primarios y secundarios.

El 26 de febrero de 2025, la Secretaría Auxiliar de Permisos del Departamento de Desarrollo Económico y Comercio (OGPe) presentó una *Solicitud de Desestimación*. En ella, la OGPe planteó que el recurso debía ser desestimado en tanto no había sido instado para revisar una **resolución final** de la agencia. Es decir, que la impugnación que hace la señora Robles de la resolución que permitió la intervención de la señora Casalduc en el proceso administrativo no constituía una resolución final susceptible de revisión judicial.

Número identificador

SEN2025 _____

Evaluada la solicitud de desestimación de la OGPe, no surgía de ella la discusión de la decisión más reciente del Tribunal Supremo de Puerto Rico sobre este tema; a decir: *Edward Simpson v. Consejo de Titulares y Junta de Titulares del Condominio Coral Beach*, opinión del 18 de junio de 2024, 2024 TSPR 64.

Así pues, este Tribunal ordenó a la OGPe que suplementara su solicitud de desestimación y mostrase causa por la que este Tribunal no debía acoger la determinación del Tribunal Supremo de Puerto Rico y aplicarla a los hechos de este recurso.

El 5 de marzo de 2025, la señora Robles presentó su oposición a la solicitud de desestimación. Aprovechó que este Tribunal aludió a la decisión del Tribunal Supremo en *Edward Simpson v. Consejo de Titulares*, 2024 TSPR 64, y argumentó que lo allí decidido era igualmente aplicable a una concesión de una solicitud de intervención.

Por su parte, la OGPe, cual le fuera ordenado, presentó su *Moción en Cumplimiento de Orden* el 7 de marzo de 2025. Apuntó que la opinión en *Edward Simpson v. Consejo de Titulares* es claramente distinguible de la situación que se plantea en este recurso. Es decir, si bien la denegatoria de una solicitud de intervención carece de la naturaleza de finalidad, el derecho del solicitante a ser parte del procedimiento administrativo se ve severamente lacerado si se le impide cuestionar interlocutoriamente ante nos tal denegatoria. En sentido contrario, la concesión de la intervención por la agencia sí puede, y debe, esperar al final del trámite administrativo para ser cuestionada.

Trabada la controversia, resolvemos.

I

A

Recordemos que la doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la

tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

A su vez, este Tribunal no puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente. Claro está, las partes que presentaron el recurso antes del tiempo para ello pueden acudir nuevamente, de manera diligente, ante este Tribunal, cuando proceda. *Empress Hotel, Inc. v. Acosta*, 150 DPR 208, 210-213 (2000); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000); *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, 154 (1999).

B

El Art. 4.006 de la *Ley de la Judicatura de 2003*, Ley Núm. 201-2003, según enmendada, establece que este Tribunal de Apelaciones tendrá competencia para atender, mediante el recurso de revisión judicial, las decisiones, órdenes y resoluciones **finales** de los organismos o agencias administrativas. Ello, conforme a los lineamientos de la *Ley de Procedimiento Administrativo Uniforme*. 4 LPRA sec. 24y.

Así pues, las Secciones 3.14 y 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9654 y 9672, respectivamente, disponen en lo pertinente:

> Una **orden o resolución final** deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada. La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración

o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.

La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de **instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones**, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. **La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que estas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley**. La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. **Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma**.

.     .     .     .     .     .     .     .     .

3 LPRA sec. 9654. (Énfasis nuestro).

Por otro lado, en cuanto a la revisión judicial, la Sección 4.2 de la

LPAU establece lo siguiente:

**Una parte adversamente afectada por una orden o <u>resolución final</u> de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […]

.     .     .     .     .     .     .     .     .

3 LPRA sec. 9672. (Énfasis y subrayado nuestros).

Por tanto, la regla general, y el ámbito de nuestra competencia, se limita a la revisión de las determinaciones finales de una agencia. Claro está, esta regla también tiene sus excepciones. Por ejemplo, en *ORIL v. El Farmer, Inc.*, 204 DPR 229, 233 (2020), el Tribunal Supremo de Puerto Rico reconoció que la orden interlocutoria emitida por la agencia para la descalificación del abogado de una parte, dada sus graves consecuencias,

justificaba la intervención de este foro intermedio; ello, como excepción a la doctrina[1].

Tan reciente como el 18 de junio de 2024, el Tribunal Supremo emitió su opinión en *Edward Simpson v. Consejo de Titulares y Junta de Titulares del Condominio Coral Beach*, 2024 TSPR 64. En ella, reconoció que, por vía de excepción, este foro intermedio sí ostentaba jurisdicción para revisar una **denegatoria de intervención** emitida por el Departamento de Asuntos del Consumidor (DACo) durante un proceso de adjudicación formal. Es decir, dada la importancia que reviste el derecho a intervenir en el procedimiento administrativo a una persona cuyos intereses y derechos puedan verse afectados por la decisión final de la agencia, la denegatoria de su derecho a intervenir en el proceso administrativo merece la aplicación de la excepción.

C

El razonamiento del Tribunal Supremo en *Edward Simpson v. Consejo de Titulares* estuvo basado en la figura de la intervención.

La figura del interventor es definida por la Sección 1.3 de la LPAU, 3 LPRA sec. 9603, como "aquella persona que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento". Adicionalmente, la Sección 3.5 de la LPAU, 3 LPRA sec. 9645, permite que cualquier persona con un interés legítimo en un procedimiento adjudicativo administrativo pueda someter una solicitud por escrito y debidamente fundamentada para que se le permita intervenir o participar. Al conceder o denegar esta solicitud, la agencia deberá considerar, entre otros, los siguientes factores:

.        .        .        .        .        .        .        .

    (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.

---

[1] De este modo, el Tribunal Supremo equiparó su razonamiento en *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012), - en el que reconoció el derecho a la impugnación interlocutoria ante nos de la orden de descalificación del representante legal de una parte litigante – y reconoció el derecho a la impugnación interlocutoria de una denegatoria de intervención como una de las excepciones a las limitaciones impuestas por la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V.

(b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.

(c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.

(d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.

(e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.

(f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.

(g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.

La agencia deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención.

3 LPRA sec. 9645.

Adicionalmente, la Sección 3.6 de la LPAU, 3 LPRA sec. 9646, dispone que "[s]i la agencia decide **denegar** una solicitud de intervención en un procedimiento adjudicativo **notificará su determinación por escrito al peticionario, los fundamentos para la misma y el recurso de revisión disponible**". (Énfasis nuestro). Es decir, la denegatoria a intervenir en un proceso administrativo es una cuestión de derecho que es revisable sin limitación por los tribunales. *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 190 (2009)[2].

En resumen, la norma jurídica general solo nos permite revisar las determinaciones finales de las agencias, y no los dictámenes interlocutorios. Sin embargo, la denegatoria de una solicitud de intervención por el foro administrativo constituye una excepción a esa norma. Así lo estableció el Tribunal Supremo de Puerto Rico al resolver que la Sección 3.6 de la LPAU, 3 LPRA 9646, dispone claramente que la denegatoria de una solicitud de intervención es susceptible de revisión judicial. *Edward Simpson v. Consejo de Titulares y Junta de Titulares del Condominio Coral Beach*, 2024 TSPR 64, a la pág. 14. Cual consignó el

---

[2] Apuntamos que, a través del mecanismo de la intervención, el interventor se convierte en una "parte" propiamente y se le garantiza una participación plena en el procedimiento. Véase, *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR, a las págs. 193-196. Véase, además, *Edward Simpson v. Consejo de Titulares y Junta de Titulares del Condominio Coral Beach*, 2024 TSPR 64, a las págs. 9-10.

Tribunal en *Edward Simpson v. Consejo de Titulares y Junta de Titulares del Condominio Coral Beach*, 2024 TSPR 64, a la pág. 14, la denegatoria de intervención representa un "rechazo expreso a la condición de 'parte' en una futura revisión judicial de la decisión que la agencia emita eventualmente". *Íd*. Así, cuando no se acepta la intervención de un tercero, se afecta directamente su capacidad para impugnar una decisión administrativa. *Íd*., a la pág. 15.

III

Reiteramos que, conforme a la doctrina prevaleciente, este Tribunal de Apelaciones solo podrá revisar las determinaciones finales de las agencias gubernamentales. No obstante, cual aclarado por el Tribunal Supremo de Puerto Rico en *Edward Simpson v. Consejo de Titulares y Junta de Titulares del Condominio Coral Beach*, 2024 TSPR 64, si bien la denegatoria de una solicitud de intervención carece de la naturaleza de finalidad, el derecho del solicitante a ser parte del procedimiento administrativo se ve severamente lacerado si se le impide cuestionar interlocutoriamente ante nos tal denegatoria.

Es decir, dada la importancia que reviste el derecho a intervenir en el procedimiento administrativo a una persona cuyos intereses y derechos puedan verse afectados por la decisión final de la agencia, la denegatoria de su derecho a intervenir en el proceso administrativo merece la aplicación de la excepción.

Adicionalmente, y como bien subraya el Tribunal Supremo, la Sección 3.6 de la LPAU, 3 LPRA sec. 9646, claramente dispone que "[s]i la agencia decide **denegar** una solicitud de intervención en un procedimiento adjudicativo **notificará su determinación por escrito al peticionario, los fundamentos para la misma y el recurso de revisión disponible**". (Énfasis nuestro). Por tanto, la **denegatoria a intervenir en un proceso administrativo** es una cuestión de derecho que es revisable sin limitación por los tribunales. *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR, a la pág. 190.

De otra parte y en sentido contrario, concluimos que la **concesión de la intervención** por la agencia sí puede, y debe, esperar al final del trámite administrativo para ser cuestionada. En primer lugar, porque la LPAU no contempla su revisión ante nos. En segundo lugar, y más importante aún, porque su revisión interlocutoria incide sobre la naturaleza ágil y diligente que debe caracterizar al proceso administrativo. Así pues, nada en la ley ni en la jurisprudencia, o en los hechos de este caso, nos pone en posición de abrir la puerta a la impugnación interlocutoria ante nos de la concesión de una intervención por una agencia administrativa.

IV

Conforme a los fundamentos antes expuestos, y según solicitado por la parte recurrida, este Tribunal concluye que carece de jurisdicción para atender este recurso de revisión, por lo que ordena su desestimación.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones